Case 3:23-cv-00158   Document 16   Filed 01/03/24 in TXSD   Page 1 of 14

United States District Court
Southern District of Texas
**ENTERED**
January 03, 2024
Nathan Ochsner, Clerk

# In the United States District Court for the Southern District of Texas

## GALVESTON DIVISION

No. 3:23-cv-158

FREDDIE BONNER, *Plaintiff*,

v.

ALLSTATE VEHICLE AND PROPERTY INSURANCE COMPANY, *Defendant*.

### MEMORANDUM OPINION AND ORDER

JEFFREY VINCENT BROWN, *UNITED STATES DISTRICT JUDGE*:

The defendant, Allstate Vehicle and Property Insurance Company, has moved for summary judgment. Dkt. 5. The court will grant the motion.

## I. Background

This case arises out of an insurance dispute between Freddie Bonner and Allstate. Bonner is the owner of a homeowners-insurance policy, issued by Allstate, insuring his home in Brazoria County. Dkt. 6 ¶ 1.

On February 20, 2021, a freeze associated with Winter Storm Uri caused severe water damage to Bonner's home. *Id.* Bonner submitted a claim for damages to Allstate. Dkt. 1-3 ¶ 12. On or about August 21, 2022, Bonner

invoked the policy's appraisal provision to determine the loss amount. Dkt. 6 ¶ 2. The parties' respective appraisers issued an appraisal award on February 1, 2023, for $167,829.41. Dkt. 5-1. After all deductions and prior payments were applied, the sum of $63,096.61 was due and payable on the award. Dkt. 5 ¶ 6. Allstate paid Bonner this amount on February 8. *Id.*

On April 6, Bonner sued Allstate in the 239th Judicial District Court of Brazoria County. Dkt. 1-3. In his complaint, Bonner raises seven claims: (1) breach of contract and anticipatory breach of contract, (2) breach of the duty of good faith and fair dealing ("bad faith"), (3) deceptive trade practices & unconscionable conduct, (4) violations of the Texas Prompt Payment of Claims Act ("the TPPCA"), (5) unfair insurance practices under Tex. Ins. Code Chapter 541, (6) fraud, and (7) ongoing conspiracy to commit illegal acts. *Id.* ¶¶ 29–58. He also seeks attorney's fees. *Id.* ¶ 59(h). On May 23, Allstate paid Bonner $18,495.09 to cover interest on the appraisal award. Dkt. 5 ¶ 7. The next day, Allstate removed to this court. Dkt. 1.

Allstate has moved for summary judgment on all claims. Dkt. 5. Bonner has responded, Dkt. 6, and Allstate has replied, Dkt. 7.

## II.   Legal Standard

Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."

Fed. R. Civ. P. 56(a). The court must view the evidence in the light most favorable to the nonmovant. *Coleman v. Hous. Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997). For each cause of action moved on, the movant must set forth those elements for which it contends no genuine dispute of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the nonmovant to offer specific facts showing a genuine dispute for trial. *See* Fed. R. Civ. P. 56(c); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). "A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993).

The court "may not make credibility determinations or weigh the evidence" in ruling on a summary-judgment motion. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). But when the nonmoving party has failed "to address or respond to a fact raised by the moving party and supported by evidence," then the fact is undisputed. *Broad. Music, Inc. v. Bentley*, No. SA-16-CV-394-XR, 2017 WL 782932, at *2 (W.D. Tex. Feb. 28, 2017). "Such undisputed facts may form the basis for summary judgment." *Id.*

## III. Analysis

There is no dispute the appraisal award in this case has been paid. Dkts. 6 ¶ 3–4; 7 ¶ 1. The principal remaining disputes are the proper amount of statutory interest and attorney's fees. Dkt. 6 ¶ 3.

Allstate argues that because it paid the proper award in full, the breach-of-contract claim must fail. Dkt. 5 ¶¶ 9–12. And, the argument continues, if the contractual claim fails, all of Bonner's extracontractual claims likewise fail. *Id.* ¶ 15. The court agrees with Allstate and will grant summary judgment on all claims.

### A. Breach-of-Contract Claim

Bonner alleges that Allstate breached the policy by refusing "to pay the adequate compensation" required under the policy. Dkt. 1-3 ¶ 30. Allstate argues, and this court agrees, that its payment of the appraisal award bars Bonner's breach-of-contract claim. Dkt. 5 ¶ 10.

In Texas, an "insurer's payment of the [appraisal] award bars the insured's breach of contract claim premised on failure to pay the amount of the covered loss." *See Ortiz v. State Farm Lloyd's*, 589 S.W.3d 127, 129 (Tex. 2019); *Randel v. Travelers Lloyds of Tex. Ins. Co.*, 9 F.4th 264, 268 (5th Cir. 2021) (finding that once an insured receives "every dollar they are owed . . . there is nothing left to litigate" on a breach-of-contract claim).

The undisputed evidence shows that Bonner invoked appraisal and that all parties followed the appraisal process in accordance with the policy. Dkts. 5 ¶ 3; 6 ¶ 3. The appraisers agreed on the loss amount and issued an appraisal award for $167,829.41. Dkt. 5 ¶¶ 4–5. Allstate paid the appraisal award less the deductible and prior payments. *Id.* ¶ 6. Bonner admits that he accepted Allstate's appraisal-award payment. Dkt. 6 ¶ 3. By paying the appraisal award to Bonner, Allstate fulfilled its contractual obligations under the policy's appraisal provisions. *Ortiz*, 589 S.W.3d at 133.

Though Bonner does not do so explicitly, he makes a passing argument that the appraisal award should be set aside. He alleges the defendant's adjusters exhibited a "reckless and knowing disregard of obvious loss" which resulted in a "shockingly vast discrepancy in evaluation of damage." Dkt. 6 ¶¶ 14, 20. But under Texas law, "every reasonable presumption will be indulged to sustain an appraisal award." *Mainali Corp. v. Covington Specialty Ins. Co.*, 872 F.3d 255, 258 (5th Cir. 2017) (quoting *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 786 (Tex. App.—Houston [14th Dist.] 2004, no pet.)). "Texas law recognizes only three situations that allow a court to set aside an appraisal award: "(1) when the award was made without authority; (2) when the award was made as a result of fraud, accident, or mistake; or (3) when the award was not in compliance with the

requirements of the policy." *Id.* (internal quotations omitted). Bonner's bare assertions that the award was unjust or undervalued does not meet the high standard required to set aside an appraisal award. *United Neurology, P.A. v. Hartford Lloyd's Ins. Co.*, 101 F. Supp. 3d 584, 595 (S.D. Tex.), *aff'd*, 624 F. App'x 225 (5th Cir. 2015) ("An appraisal award serves to estop one party from challenging the value of damages in a lawsuit on an insurance contract.").

Because Allstate timely paid a binding and enforceable appraisal award and Bonner accepted payment, Bonner's breach-of-contract claim fails.[1] Accordingly, Allstate is entitled to summary judgment on this claim.

**B. Extracontractual Claims**

In addition to his breach-of-contract claim, Bonner asserts numerous extracontractual claims against Allstate for bad faith, violations of the DTPA, fraud, and violations of the Texas Insurance Code (collectively, his "extracontractual claims"). Dkt. 1-3 ¶¶ 40–44, 49–52.

Generally, "because timely and full payment of an appraisal award precludes a breach of contract claim, extra-contractual claims for fraud, bad faith, and violations of the DTPA and the Texas Insurance Code also fail."

---

[1] Bonner's anticipatory-breach-of-contract claim is based on the same conduct as his traditional breach-of-contract-claim. Because Allstate's actions do not constitute a breach, the anticipatory-breach-of-contract claim likewise fails.

*Losciale v. State Farm Lloyds*, 2017 WL 3008642, at *2 (S.D. Tex. July 14, 2017); *see also Liberty Nat'l Fire Ins. Co. v. Akin*, 927 S.W.2d 627, 629 (Tex. 1996) ("[I]n most circumstances, an insured may not prevail on a bad faith claim without first showing that the insurer breached the contract.")

Bonner cannot prevail on his extracontractual claims unless he can satisfy either the entitlement-to-benefits rule or the independent-injury rule. *Ortiz*, 589 S.W.3d at 134. Under the entitlement-to-benefits rule, "an insured who establishes a right to receive benefits under an insurance policy can recover those benefits as 'actual damages' under the statute if the insurer's statutory violation causes the loss of the benefits." *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 495 (Tex. 2018). Under the independent-injury rule, an insured does not need to establish a right to receive benefits under an insurance policy but must show he sustained "damages for a statutory violation that cause[d] an injury 'independent from the loss of the benefits.'" *Ortiz*, 589 S.W.3d at 134. These damages must be "truly independent of the insured's right to receive policy benefits." *Menchaca*, 454 S.W.3d at 500.

Allstate contends that it is entitled to summary judgment on Bonner's extracontractual claims because it paid Bonner the appraisal award and because Bonner sought only the policy benefits. Dkt. 5 ¶ 13. The court agrees. *Ortiz*, 589 S.W.3d at 135 (concluding an insurer was entitled to summary

judgment on the insured's bad-faith and Texas Insurance Code claims where the insurer had paid an appraisal award and the insured had suffered no other injuries).

There is no genuine issue of material fact precluding summary judgment for Allstate on Bonner's extracontractual claims. First, Bonner cannot satisfy the entitlement-to-benefits rule because Allstate's alleged conduct did not cause Bonner to lose any benefit under the policy. Bonner received all benefits he was entitled to receive under the policy when Allstate paid the appraisal award.

Second, Bonner cannot recover under the independent-injury rule because he has not presented evidence of any injuries sustained independent of the benefits he is entitled to under the policy. Although Bonner opines about various independent injuries he has suffered as a result of Allstate's conduct, including emotional distress and financial loss, he has failed to provide any evidence to support these injuries. Instead, the only support for his "independent injuries" is an affidavit rife with conclusory and self-serving statements. Dkt. 6-1. That is not enough to carry his summary-judgment burden. *Nucor Corp. v. Requenez*, 578 F. Supp. 3d 873, 905 (S.D. Tex. 2022) ("[C]onclusory and self-serving statements in an affidavit do not suffice to defeat summary judgment.").

Bonner has failed to present evidence of an independent injury and Allstate has paid him the benefits owed under the policy. Accordingly, Allstate is entitled to summary judgment on all of Bonner's extracontractual and common-law bad-faith claims.

### C. TPPCA

Bonner also raises claims against Allstate under the TPPCA for allegedly failing to timely pay his claims. Dkt. 1-3 ¶¶ 45–48. In response, Allstate argues that it is entitled to summary judgment on Bonner's TPPCA claims—irrespective of whether it violated the statute—because it has paid Bonner the full interest amount available under the TPPCA. Dkt. 5 ¶ 17. The issue here is whether Chapter 542 (which uses an 18% multiplier for calculating interest) or Chapter 542A (which uses a 5% multiplier for calculating interest) applies in calculating the interest Allstate owed Bonner. Allstate correctly calculated Bonner's interest using Chapter 542A.

The TPPCA imposes liability on an insurer for failing to make a "statutory payment deadline for a documented claim that it owes under an insurance policy." *Hinojos v. State Farm Lloyds*, 619 S.W.3d 651, 653 (Tex. 2021). But an insurer that violates the TPPCA may still be entitled to summary judgment if it pays the insured all interest owed under the TPPCA. *See Quibodeaux v. Nautilus Ins. Co.*, 655 F. App'x 984, 989 (5th Cir. 2016)

(holding that the district court properly granted summary judgment on a TPPCA claim when the insurer demonstrated that it "compensated [the insured] for the penalty interest that accrued because of the insurer's delay"); *White v. Allstate Vehicle & Prop. Ins. Co.*, No. 6:19-cv-00066, 2021 WL 4311114, at *8 (S.D. Tex. Sept. 21, 2021) (granting summary judgment to the insurer because it paid the insured the penalty interest she would have been entitled to if a court had found the insurer liable under the TPPCA).

In 2017, the Texas Legislature created special TPPCA provisions codified in Chapter 542A of the Texas Insurance Code to govern weather-related claims for property damage. *See* Tex. Ins. Code § 542A.001(2) (defining "claim" as one arising from damage or loss "caused, wholly or partly, by forces of nature, including . . . hail, wind, . . . or a rainstorm"). The new provisions also limit the percentage of interest an insured can recover. *See id.* § 542.060(c). The amount of annual interest an insurer owes on a claim under Chapter 542A is determined by adding five percent to the interest rate determined under Tex. Fin. Code § 304.003. *Id.*

Under Allstate's calculations, the total interest amount it owed Bonner under Chapter 542A was $18,495.09. Dkt. 5 ¶ 19. Allstate issued a check to Bonner in this amount, which Bonner cashed on June 1, 2023. *Id.* ¶ 7. Bonner alleges that Allstate has not paid him all interest that could be owed. Dkt. 6

¶ 13.

As Allstate points out, Bonner incorrectly argues that he is owed the higher interest amount of eighteen percent under Tex. Ins. Code § 542.060. Dkts. 6 ¶ 9; 7 ¶¶ 4–5. The eighteen-percent multiplier in Chapter 542 does not apply because the damage to Bonner's home was the result of a freeze—a weather-related event that falls under Chapter 542A. *Jada Restaurant Grp., LLC, v. Acadia Ins., Co.*, No. SA-20-CV-00807-XR, 2020 WL 5362071, at *3 (W.D. Tex. Sept. 8, 2020) (finding that "forces of nature" refer to weather-related events); *see also* Elizabeth Von Kreisler & Suzette E. Selden, *Annual Survey of Texas Insurance Law*, 21 J. Consumer & Com. L. 54, 55 (2018) (explaining that when a plaintiff brings a "force of nature claim" that falls under Chapter 542A, "the 18 percent interest will not apply."). Additionally, Bonner's reliance on *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.d3 806 (Tex. 2019), is misplaced because that case was decided under the pre-2017 TPPCA provisions. *See Morakabian v. Allstate Vehicle & Prop. Ins. Co.*, 2023 WL 2712481, at *5 (E.D. Tex. Mar. 30, 2023).

Bonner has not met his burden to raise a genuine issue of material fact that he is owed any more interest than what Allstate has already paid. Therefore, Allstate is entitled to summary judgment on Bonner's TPPCA interest claim.

**D. Attorney's Fees**

Bonner also seeks attorney's fees. Dkt. 1-3 ¶ 59(h). Allstate argues that he is not entitled to those fees. The court agrees.

First, Allstate contends that because it paid the appraisal award, there is no breach of contract, and therefore no right to attorney's fees. Dkt. 5 ¶ 21. Although Allstate cites no authority in support of its contention, it is correct. Under the Tex. Civ. Prac. & Rem. Code, "[a] person may recover reasonable attorney's fees from an individual or corporation, in addition to the amount of a valid claim and costs, **if the claim is for . . . an oral or written contract**." Tex. Civ. Prac. & Rem. Code § 38.001(b)(8) (emphasis added); *see also Guardian Life Ins. Co. v. Kinder*, 663 F. Supp. 2d 544, 560 (citing *Green Int'l, Inc. v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997)) (concluding that a party seeking statutory attorney's fees in a breach-of-contract action must prevail and recover actual damages on its claim). Because Bonner cannot prevail on his breach-of-contract claim, he is not entitled to attorney's fees.

Allstate also argues that Bonner is not entitled to attorney's fees under the TPPCA. Allstate correctly applies the formula set forth in Tex. Ins. Code § 542A.007 to arrive at its conclusion. The relevant part provides:

> The amount of attorney's fees that may be awarded to a claim in an action to which this chapter applies is the lesser of:

. . .

(3) the amount calculated by:

    (A)    dividing the amount to be awarded in the judgment to the claimant for the claimant's claim under the insurance policy for damage to or loss of covered property by the amount alleged to be owed on the claim for that damage or loss in a notice given under this chapter; and

    (B)    multiplying the amount calculated under Paragraph (A) by the total amount of reasonable and necessary attorney's fees supported at trial by sufficient evidence and determined by the trier of fact to have been incurred by the claimant in bringing the action.

Tex. Ins. Code § 542A.007(a).

There is no genuine issue of material fact as to whether Allstate has paid Bonner the full benefits amount owed under the policy. And, as previously explained, Bonner cannot obtain a judgment on his extracontractual and TPPCA claims. Accordingly, the numerator for the calculation provided under subsection (a)(3)(A) is zero. Thus, there are no attorney's fees to award Bonner.[2] *See* Tex. Ins. Code § 542A.007(c) ("[T]he

---

[2] The court acknowledges that the Fifth Circuit has recently certified to the Texas Supreme Court the question of whether an insurer's full payment of an appraisal award precludes the recovery of attorney's fees. *Rodriguez v. Safeco Insurance Co. of Ind.*, No. 22-11070, 2023 WL 4484240 (5th Cir. July 12, 2023). The basis for certification is that there is a split amongst numerous district courts regarding the calculation of attorney's fees under Chapter 542A. *Id.* at n.4. "In [a] diversity action, [courts] must apply Texas law as interpreted by Texas state

court may not award attorney's fees to the claimant if the amount calculated under Subsection (a)(3)(A) is less than 0.2."); *accord Trujillo*, 2020 WL 6123131, at *6; *Pearson v. Allstate Fire & Cas. Ins. Co.*, No. 19-CV-693-BK, 2020 WL 264107, at *4 (N.D. Tex. Jan. 17, 2020).

Because Bonner is not entitled to attorney's fees under Chapter 542A, Allstate is also entitled to summary judgment on this issue.

\* \* \*

For the above reasons, the court grants Allstate's motion for summary judgment. Dkt. 5. All claims made by the plaintiff are dismissed. Final judgment will issue separately.

Signed on Galveston Island this 3rd day of January, 2024.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE

---

courts." *Mid–Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 491 (5th Cir. 2000). And this court "considers Texas Supreme Court cases that, while not deciding the issue, provide guidance as to how the Texas Supreme Court would decide the question before" it. *Gilbane Bldg. Co. v. Admiral Ins. Co.*, 664 F.3d 589, 594 (5th. Cir. 2011). Where the Texas Supreme Court has not decided the question before this court, the court should consider "decisions of the intermediate appellate courts in determining how the Texas Supreme Court would decide th[e] issue." *Id.* at 594. "[U]nless there has been an intervening change in authority," this court is bound by Fifth Circuit "precedent interpreting Texas law." *Id.* Therefore, until the Texas Supreme Court clarifies this issue, this court is bound to calculate attorney's fees under Chapter 542A in the same manner that it did in *Royal Hosp. Corp. v. Underwriters at Lloyd's London*, No. 3:18-CV-00102, 2022 WL 17828980 (S.D. Tex. Nov. 14, 2022).